**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:07-cr-00097-KJD-LRL |
| v. ) | |
| ) | **O R D E R** |
| GABE DRAPEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is defendant's Motion to Return Property Pursuant to Rule 41(g) (#84). The court has considered the motion (#84), the government's Opposition (#85), and defendant's Reply (#86). For the following reasons, defendant's motion will be denied.

Through his motion (#84), defendant asks the court to order the government to "release and return all property seized in connection with [defendant's] arrest, and the searches of his homes, and storage facility, including, but not limited to, the items described in the attached inventory." Mot. (#84) at 1. In the attached "Partial Property Inventory," defendant lists twenty-five items allegedly seized by the government. The government argues that the motion must be denied because the court lacks jurisdiction to address it. Opp'n (#85) at 2.

Rule 41(g) provides, in part, that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Ninth Circuit has held that the Rule clearly relates to federal searches leading to federal prosecutions. *U.S. v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993) (rejecting appellee's argument that Rule 41(g), formerly 41(e), confers jurisdiction on the district court to order return of property regardless of federal participation). Although, at its furthest reach, Rule 41(g) may extend to "searches conducted by state law enforcement agencies with direct federal authorization." *Huffhines*, 986 F.2d at 308; *see also U.S. v. Marshall*, 338

F.3d 990, 995 (9th Cir. 2003) (affirming denial of Rule 41(g) motion where seized property was " never in federal possession or control" insofar as a city police department seized the property while "working in collaboration *with* federal authorities, rather than *for* them") (emphasis in original).

There is no evidence that the items at issue in defendant's motion were seized as part of a federal search leading to a federal prosecution. Rather, as noted by the government, the warrants authorizing the search and seizure were issued by Nevada State Court judges, without any involvement from federal agents. Opp'n (#85) at 2. Likewise, the search and seizure was conducted by Las Vegas Metropolitan Police Department officers without involvement of federal agents. *Id.* Nor, is there evidence that the federal government is in possession of any of the property sought by defendant. Defendant states no more than a conclusory supposition "that at least some of the property seized from the searches of his homes and storage was turned over to the federal government as part of the investigation and prosecution of his criminal case." Reply (#86) at 1.

Accordingly, and for good cause demonstrated,

IT IS ORDERED that defendant's Motion to Return Property Pursuant to Rule 41(g) (#84) is denied.

DATED this 2nd day of December, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**